Dear Mrs. Reed:
You have requested an opinion pertaining to the Houma-Terrebonne Tourist Commission's (HTTC) obligation to publish its minutes and its ability to spend money on flowers and gifts for its volunteers. To address these concerns, we must first determine the nature of the Houma-Terrebonne Tourist Commission, i.e., whether it is a public or private organization.
The nature of HTTC was examined in Attorney General Opinion No. 80-835. The HTTC is created by the parish governing authority and is governed by a board of directors appointed by that authority, pursuant to LSA-R.S. 33:457A, B. The HTTC is considered to be a public body under LSA-R.S. 42:4.2(A)(2) which defines a public body in pertinent part as:
 "any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, . . ."
As a public body, the HTTC is subject to the public records laws. LSA-R.S. 42:7.1(A) requires that all public bodies keep written minutes of all of their open meetings and that the minutes shall be public records. LSA-R.S. 43:143 provides that the parish governing authority shall publish all minutes in the official journal of the parish. Since the HTTC is an arm of the parish governing authority, the requirement that the minutes of open meetings be published extends to the HTTC. Therefore, it is beyond the authority of our office to exempt the HTTC from this mandate.
Additionally, you have inquired about funds raised by the Bayou Food Festival sponsored by the HTTC and the manner in which those funds may be spent. It should be noted that the HTTC has no independent financial status. As provided for in LSA-R.S33:4574.1 and LSA-R.S 33:4574.2(A), operating funds for the HTTC are obtained from tax levy by the governing authority. HTTC has to submit an operating budget to the parish governing authority for approval before funds can be expended. (LSA-R.S. 33:4574.1
and 4574.2A.)
The 1974 Louisiana Constitution Article 7 Section 14 states (in part):
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
The tax monies apportioned to the HTTC by the parish governing authority are public funds subject to this constitutional prohibition. Therefore, any money received by the HTTC from the parish governing authority may not be used to purchase flowers or gifts for volunteers. However, your question pertains to the use of monies generated by the Bayou Food Festival sponsored by the HTTC for this purpose.
Prior Attorney General Opinions have discussed whether certain funds are considered public funds when they are not appropriated to the body by the parish governing authority. Opinion Number 90-264, discusses funds generated by organizations such as parents' clubs or booster clubs. Private organizations such as the parent's club or the booster club raise funds that are spent in furtherance of the school but are considered self-generated and independent funds. The funds are not required by state law to be deposited in the school's general fund and commingled with public funds. However, the control over these types of funds are a question of local law. It is within the implied power of a local school board to require this as a means of regulating the academic suitability of the purposes for expending such funds in school-related activity. In the absence of adopted regulations, the local school boards do not have to exercise control over these funds which are independently self-generated funds.
Although the above situation appears to be analogous with the present case, there is one distinguishable difference. The HTTC is a public organization as opposed to a private organization such as the booster club. The HTTC sponsors and supervises the Bayou Food Festival. The degree of connection between the two would cause the monies raised to be considered public funds and the constitutional prohibition against donating public funds or property would apply. These funds are not raised by an HTTC-related organizations, but by the HTTC itself, whereas the booster club and parents' clubs are school-related organizations. Therefore, the monies raised by the HTTC are public funds and may not be used to purchase Christmas plants or memorial flowers for volunteers.
A violation of Article 7, Section 14 of the 1974 Constitution occurs whenever the state or political subdivision seeks to give up something of value when it is under no legal obligation to do so. There is no legal duty or obligation of the parish governing authority or the HTTC to send flowers to a funeral or to buy plants for their volunteers at Christmas. This rule may seem harsh at first, but the legal duty requirement safeguards the integrity of the legislative constitutional power. The reasoning for this prohibition is sound. In Opinion Number 90-651 we stated:
 "Therefore, the primary constraint of Art. VII, Sect. 14 is that no political subdivision has inherent power, regardless of what measure of sovereignty it enjoys, to expend public funds to serve or accomplish its own perception of the public good, or a public purpose defined derivatively therefrom, if the character of the public purpose so defined is inconsistent or materially contradictory with the public duty or obligation authorized by law."
The legal obligation is that of the recipient of the public funds. The use of such public funds can only be in furtherance of the public purpose. In the case of the HTTC, the purpose is to promote tourism in the Houma-Terrebonne area. Purchasing flowers and gifts is not within the purpose of the HTTC.
Perhaps even more on point is Attorney General Opinion 1940-1942, page 3882 which states that state boards or other agencies may not purchase floral offerings for funerals.
In James v. Rapides Parish Police Jury, 113 So.2d 88 (La.App. 2nd Cir. 1959) the court states:
 "These specific prohibitions have been wisely implanted in our fundamental law, for it is conceivable that without such prohibitions the state, or a political subdivision thereof, might so deplete the public fisc by contributions to almost innumerable worthy private and semi-public enterprises as to seriously impair the necessary expense of conducting more prosaic but more important governmental functions."
In closing, it our opinion that the use of monies obtained by the HTTC sponsored Bayou Food Festival for the purpose of buying gifts or flowers for the volunteers would be unconstitutional.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please contact my office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pb 0587l